[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR CONTEMPT AND TO MODIFY ALIMONY POST JUDGMENT
There are two motions before the court in this matter, a motion for contempt and a motion for modification. In accordance with the provisions of § 46b-8 of the General Statutes, the court has heard both motions concurrently.
On August 12, 1992, a decree dissolving the marriage of the parties was entered. At that time, an order was also entered by agreement that the plaintiff pay to the defendant $15,000 per month as alimony. On November 8, 2000, the court modified the decree with respect to the financial orders. On that date, the court also found an arrearage due to the defendant for past due alimony and entered an order requiring the plaintiff to reduce the arrearage on a monthly basis. The monthly alimony payment was reduced to $10,000 per month.
Since the modification of the judgment, the plaintiff has failed to make the payments agreed upon between the parties. The plaintiff's ability to pay periodic alimony was predicated on drawing upon his assets rather than his weekly income.
Upon entry of the decree of dissolution, the court entered orders in accordance with the parties' agreement and incorporated its terms and provisions in the court's decree. Paragraph 2.1 of that agreement provided as follows:
CT Page 9717 2.1 Commencing September 1, 1992, the Husband shall pay to the Wife, in advance, on or before the first of each month, as alimony, the sum of Fifteen Thousand ($15,000.00) Dollars per month until the death of either party or the remarriage of the Wife. The parties agree that their rights and obligations are subject to the provisions of Section 46b-86 (b), Conn. Gen. Stat., as relate to cohabitation.
As previously stated, the parties, on November 8, 2000, entered into a written stipulation which was approved by the court and entered as orders of the court. The highlights of that stipulation are as follows:
 (a) The parties stipulated to an arrearage of $500,000 as of December 31, 1999, with certain credits for overpayments.
 (b) The foregoing arrearage was to be paid over twenty-four (24) months commencing December 1, 2000, at the rate of $20,000.00 per month.
 (c) That the periodic alimony to be paid by the Plaintiff to the Defendant be reduced from $15,000.00 per month to $10,000.00 per month, but if the full arrearage is not paid by December 31, 2002, the original order would be reinstated at $15,000.00 per month retroactive as of December 1, 2000.
 (d) That the Plaintiff would deliver a mortgage to the Defendant on Plaintiff's interest in certain residential property in Washington, Connecticut, as security for the obligation.
The plaintiff has failed to pay the reduced periodic alimony and has failed to pay the arrearage. The defendant has not been supplied with the mortgage as provided in (d) noted above.
At the time of the court's order on November 8, 2000, the plaintiff filed a financial affidavit which showed assets of $5,146,234 and liabilities of $992,968, however, $765,000 of this indebtedness was rather a moral obligation that the plaintiff felt to certain people shown on his financial affidavit. His assets at the present time are now $682,107 with indebtedness of $247,968. The plaintiff's financial affidavit again lists $765,000 owed to certain individuals which continues to be a moral obligation only. CT Page 9718
Of the $682,107 of assets, $272,007 represents the equity in his home in Washington, Connecticut, which he values in his financial affidavit at $1,425,000. His income consists of his pension and social security. The pension from Chrysler Corporation amounts to $77,480 or $1,490 per week and social security of $371 per week for a total of $1,861 per week less state and federal taxes. The court does not have sufficient evidence to arrive at the proper figures for federal and state income taxes, but if one were to assume a standard deduction and full exemptions, the federal and state taxes would amount to a figure of $350 per week rather than the $480 shown in the plaintiff's financial affidavit. His net income from his pension plus his social security amounts to $1500 per week.
The plaintiff is 75 years of age. He has remarried and has two children ages seven and eight and a half. He describes his health as "pretty good." He does have what he states is a "minor anomely in his heart beat" and high blood pressure. He has been retired since 1993. He retired as president and chairman of the board of KDI, a Stamford corporation. His income in that position was $500,000 per year and he received $50,000 per year from a company in Waterbury. His job with KDI terminated at year end 1993.
The defendant is 70 years of age. She was married 32 1/2 years to the plaintiff. She and the plaintiff had two children, issue of the marriage, Clayton who is now 38 years of age and Sarah who is now 35 years of age. Following the decree of dissolution, she moved first to Boston. She left Boston after a short time and moved to Midland, Texas where she bought a home and 36 acres of land next to an oil refinery. The value of the land is effected by the presence of the oil refinery. She reports assets of $194,000 and liabilities of $74,500 in her financial affidavit.
On November 8, 2000, as previously noted, the parties stipulated to an arrearage of $500,000. Since that date, the plaintiff has paid $43,000 in alimony. To June 9, the date of the hearing in this matter, he should have paid $53,000, leaving an arrearage of 10,000 for 2001 plus the $500,000 to December 31, 2000.
The court finds that there has been a substantial change of circumstances. Having considered all the factors of § 46b-82 of the General Statutes, the court shall reduce the current order of alimony to $4,000 per month effective June 9, 2001. It is clear to the court that this will not be paid totally from the plaintiff's current income and that he will have to invade principal to some extent to meet his obligations. The court orders no payment on the arrearage at the present time. CT Page 9719
The court does not find an intentional and wilful violation of the court's orders so does not find contempt.
As suggested by the defendant's attorney, the court is going to keep "a tight leash" on the plaintiff. The court shall continue this matter to December, 2001. The court requires a current appraisal of the plaintiff's real property at 128 Upper Church Hill Road in Washington Depot at that time. The court also suggests that the plaintiff be prepared to evidence a plan of repayment. This modification shall be only for the period until the next hearing on this matter at which time the court shall consider afresh all the criteria of § 46b-82 of the General Statutes.
The parties should meet with the case flow coordinator and together pick a date certain for the parties to return to court. It should be scheduled for early December.
The plaintiff shall pay the defendant's costs of travel from Texas to Connecticut for the hearing on June 9 and shall pay the defendant's costs of travel in December.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE